# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MOSE AHA SAHURA EL,

      Petitioner,

v.                                                                    Case No. 8:12-cv-41-T-30TGW

HILLSBOROUGH COUNTY TRAFFIC
COURT, et al.,

      Respondents.

_____/

## ORDER

Before the Court is Petitioner's petition for writ of mandamus ("petition") (Dkt. 1).

## STANDARDS OF REVIEW

The Court "hold[s] to less stringent standards than formal pleadings drafted by lawyers" the allegations of a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The Court shall dismiss a complaint filed *in forma pauperis* if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).[1] When "allegations such as those asserted by [a *pro se* plaintiff], however inartfully pleaded, are sufficient to call for the opportunity to offer supporting evidence[,]" *Haines*, 404 U.S. at 520, § 1915 dismissals should be ordered only if it appears "beyond doubt that the plaintiff can prove no

---

[1]Petitioner did not pay the filing fee.  Therefore, the Court proceeds as if Petitioner has requested leave to proceed *in forma pauperis* which is without the prepayment of costs. When an application is filed to proceed *in forma pauperis*, the Court is obligated to review the file pursuant to 28 U.S.C.§1915.

set of facts in support of his claim [that] would entitle him to relief." *Id*. (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (internal quotation marks omitted)).

## DISCUSSION

Petitioner requests this Court to intervene in state traffic court proceedings in the Circuit Court for the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. According to the petition, Petitioner received a traffic citation on July 21, 2011, and another on July 31, 2011, and a "speedy trial" court date is scheduled for January 17, 2012 (Dkt. 1 at pg. 1). Petitioner apparently filed a motion to dismiss the state court action on the ground that the traffic court lacked personal jurisdiction over Petitioner (Dkt. 1-1 at pgs. 1-2). The petition asserts that the motion to dismiss was "not honored." (Dkt. 1 at pg. 1). Petitioner now requests that this Court "issue a Writ of Mandamus compelling Magistrate William Nelson, to honor the Challenge of Jurisdiction and Delegation of Authority Orders, and to provide me with instruments dismissing these actions." (Id. at 2).

"[I]n the interests of comity, federal courts abstain from becoming involved in the state court proceeding with few exceptions. 'Proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand.' *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 14 (1987); *see also Younger v. Harris*, 401 U.S. 37 (1971)." *Solomon v. Manuel*, 2011 U.S. Dist. LEXIS 125689, at *2 (N.D. Fla. Oct. 4, 2011). The petition is not properly before this Court on the basis of the *Younger*

abstention doctrine.[2]

Moreover, this Court does not have jurisdiction to grant mandamus relief in this action.  Although United States district courts have jurisdiction in actions in the nature of mandamus pursuant to 28 U.S.C. § 1361 to compel United States officials to perform their duties, United States courts do not have jurisdiction to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties.  *Lamar v. 118th Judicial Dist. Court*, 440 F.2d 383 (5th Cir. 1971)[3]; *Haggard v. State of Tennessee*, 421 F.2d 1384 (6th Cir. 1970); *Clark v. State of Washington, et al.*, 366 F.2d 678, 681-82 (9th Cir. 1966).  *See also Campbell v. Gersten*, 394 Fed. Appx. 654 (11th Cir. 2010) (unpublished) ("The district court also lacked authority to issue a writ of mandamus to compel the state court and its officers to reinstate his motions to vacate and consider those motions on the merits.") (citing *Lamar v. 118th Judicial Dist. Court*, 440 F.2d at 384).

Petitioner is essentially requesting this Court to issue a writ of mandamus directing the state court to grant his motion to dismiss the state traffic court proceedings on the ground that the state court lacks jurisdiction. The only defendants Petitioner names are state judicial officers or entities.  Therefore, this Court lacks jurisdiction to grant the relief Petitioner

---

[2]Under the *Younger* doctrine, to justify this Court's intervention, Petitioner "must show manifest bad faith and injury that is great, immediate, and irreparable, constituting harassment of the plaintiff in the exercise of his constitutional rights, and resulting in a deprivation of meaningful access to the state courts." *Allee v. Medrano*, 94 S. Court. 2191, 2210 (1974). Petitioner makes no showing of manifest bad faith that is great, immediate, and irreparable, or lack of meaningful access to the state court.

[3]Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

requests because none of the Defendants are officers or employees of the United States or any agency thereof.

ACCORDINGLY, the Court **ORDERS** that:

1.      Petitioner's petition for writ of mandamus (Dkt. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

2.      The **Clerk** shall close this case.

**DONE** and **ORDERED** in Tampa, Florida on January 10, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*

4